## MUTUAL RELEASE AND SETTLEMENT AGREEMENT

This Settlement Agreement and Mutual Release (hereinafter "Agreement") is hereby entered into on this ___ day of April, 2016, by and between RUDIS TORRES and MILTON TORRES (together, "Plaintiffs") and WASHRITE PLUS, INC., WASH RITE, INC., EDWARD WALTERS, and JULIE WALTERS (collectively referred to as "Defendants") (Plaintiffs and Defendants are collectively referred to herein as the "Parties"). This Agreement sets forth the understandings and resolutions between the parties.

WHEREAS, Plaintiffs were employed by Defendants from approximately 2008 through June 2015.

WHEREAS, Plaintiffs have filed a lawsuit in the United States District Court for the District of Maryland (Case Number: 8:15-cv-02982-PJM ("the Case") against Defendants to recover unpaid wages, liquidated damages, reasonable attorney's fees and costs under Section 16(b) of the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.* (hereinafter "FLSA"), the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401, *et seq.* (hereinafter "MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"), Maryland Code, Labor and Employment Article §§ 3-501, *et seq.*

WHEREAS, Defendants deny and have denied liability in this matter.

WHEREAS, the Parties have a *bona fide* dispute regarding the actual number of hours worked by Plaintiffs and the liability of the Defendants.

WHEREAS, the Parties have entered into this Agreement to resolve a good faith dispute as to possible entitlements to unpaid wages and damages under Federal or Maryland law and

1

therefore the parties desire to resolve all matters and disputes concerning unpaid wages and related relief between them amicably so as to avoid any further litigation or dispute, costs, and legal fees;

NOW THEREFORE, it is hereby agreed between Plaintiffs and Defendants to fully and finally settle and completely dispose of all existing or potential issues, claims, grievances and disputes between them, accordingly,

IN CONSIDERATION OF THE MUTUAL PROMISES MADE HEREIN:

1.  <u>Recitals.</u>   The foregoing Recitals shall constitute an integral part of this Agreement, and this Agreement shall be interpreted in light of those Recitals.

2.  **Settlement Payments.**   In exchange for the promises set forth in this Settlement Agreement, and subject to the Court entering an Order approving the Settlement Agreement and dismissing the claims against the Defendants with prejudice, Defendants agree to pay Plaintiffs the total gross sum of Eleven Thousand Eight Hundred Twenty-Five Dollars and Zero Cents ($11,825.00) ("Settlement Amount"), in full and final satisfaction of any and all claims, including all claims for attorneys' fees and costs, liquidated damages, and unpaid wages, less lawful deductions.   The determination of the Settlement Amount was the product of an arms-length negotiation.   The Parties considered the merits of Plaintiffs' arguments and the merits of Defendants' defenses as well as the time and cost of further litigation.

    a. The Settlement Amount shall be paid within ten (10) calendar days following the Court's dismissal of the Case, With Prejudice and paid in three (3) checks in the gross amounts set forth as follows:

        i.      Rudis Torres: $4,000.00 as unpaid wages, less legally required Federal

2

wage tax withholdings (for which a Form W-2 shall be issued)1;

    ii.       Milton Torres:  $3,000.00 as unpaid wages, less legally required Federal wage tax withholdings (for which a Form W-2 shall be issued)2; and

    iii.      Zipin, Amster & Greenberg, LLC:  $4,825.00 for attorney's fees and litigation costs (for which a Form 1099 shall be issued).

b. Checks for the above settlement amounts will be delivered to the offices of Plaintiffs' counsel, Zipin, Amster & Greenberg, LLC 8757 Georgia Avenue, Suite 400 Silver Spring, Maryland 20910, within the timeframe set forth above.

c. In such an event as Defendants fail to pay any amount of the Settlement Amount as set forth above on time and in the full amount due and owing when payment of said amount is due and owing, Defendants shall be in material breach of this agreement, and the entire unpaid balance of the Settlement Amount shall immediately become due and owing.   In such an event, Defendants shall pay Plaintiff any and all attorney's fees and costs associated with any litigation and/or collection effort related to the prosecution or collection of any unpaid balance.

3.    **Warranties and Representations.**

Plaintiffs warrant and represent that the Settlement Amount constitutes full payment of all amounts due and owing to Plaintiffs arising out of Plaintiffs' employment with Defendants or arising out of any other action or inaction by the Defendants prior to the signing of this Agreement.

---

1 Please note that District of Columbia taxes will not be withheld and that Plaintiffs will be personally responsible for payment of any such tax which may be due.
2 Please note that District of Columbia taxes will not be withheld and that Plaintiffs will be personally responsible for payment of any such tax which may be due.

3

4.   **Mutual Release.**

Plaintiffs, on behalf of themselves, their heirs, administrators, executors, attorneys, and assigns, for and in consideration of the promises set forth herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, do hereby covenant not to sue, and do hereby remise, release, and forever discharge Edward Walters and Julie Walters, their heirs, assigns, and agents and Washrite, Inc., and Washrite Plus, Inc., their members, officers, directors, employees, former employees, agents, parents, subsidiaries, predecessors, successors, holding company and all affiliated corporations and other entities, of and from any and all manner of actions, causes of action, charges, suits, debts, dues, accounts, bonds, covenants, agreements, judgments, damages, claims, grievances, liabilities and demands of any kind or nature whatsoever, at law or in equity, including without limitation any claims made under the FLSA or Maryland law, or which could have been made in the Case, and any claims arising or which might have arisen out of Plaintiffs' employment with Washrite, Inc., or the cessation thereof, whether such claims or causes of action be currently known or unknown or suspected or unsuspected, that Plaintiffs nor any of their representatives ever had, now have, claimed to have had, now claim to have had, or may claim to have, by reason of any cause, matter or thing whatsoever, existing as of the date of the execution of this Release.  In exchange for good and valuable consideration identified in this Agreement, each party hereby irrevocably and unconditionally waives and fully releases any and all claims he or it may have against the opposite party (Plaintiffs waive and release all claims against Defendants, and Defendants waives and releases all claims against Plaintiffs) of any matter, specifically forgiving any unpaid debts, conduct or omission occurring on or before the date the Parties sign this Agreement and including any and all employment statutes

4

and any and all claims arising under federal, state or local law relating to the payment of wages, including overtime.

**This is a general and complete release of all claims by all parties and is to be construed in its broadest sense as a full and general mutual release.**

5.  **Non-Disparagement.**   The Parties agree that neither will disparage the person, good will, or reputation of the opposite party (none of the Plaintiffs will disparage Defendants, and Defendants will not disparage any of the Plaintiffs).   This clause shall also insure that Defendants will provide Plaintiffs with a neutral reference, providing only dates of employment and job title(s) if any third party inquires.

6.  **Limitation on Publicity of Settlement Terms.**

The Parties agree and affirm they will not take any steps, directly or indirectly (beyond the filing of this Agreement for approval by the Court and dismissal of the Case), to communicate, publish, publicize, or give publicity or attention to the terms and conditions of this Agreement to any and all individuals or entities, except as specifically excluded below.   This Paragraph does not prohibit the Parties sharing the terms of this Agreement with their (i) attorneys and tax and financial advisors, for purposes of rendering legal, tax and financial advice, respectively and/or (ii) in response to an Internal Revenue audit or other governmental inquiry relating to such monies, and/or (iii) as otherwise required by law.

7.  **No Re-Apply.**   Plaintiffs covenant and agree that they will not seek reinstatement, re-hire, future employment or any employment relationship with Defendants or any affiliated, related or associated companies, subsidiaries, parents, divisions, or affiliates of Defendants.

8**Dismissal of Suit.**   The Parties, through counsel, shall work cooperatively in good faith to expeditiously file and obtain Dismissal of the Case, With Prejudice.

9.    **No Admission.**   Defendants makes no admission of liability by entering into this Agreement, and the Parties do not intend that the Agreement shall be interpreted as an admission of liability by Defendants, which specifically deny engaging in any unlawful or improper conduct. The Parties, by reason of agreeing to this compromise and agreement, state that they have made no agreement to do or omit to do any act or thing not set forth herein. The Parties further state that this Agreement is entered into as a compromise in order to avoid expense and to terminate all controversy and/or claims for injuries or damages of whatsoever nature, known or unknown, including further developments thereof, in any way growing out of or connected with the Claims. Execution of this Agreement does not constitute an admission by Defendants of a violation of the Fair Labor Standards Act, any common law principle, any law, statute, rule, regulation, ordinance, contractual obligation, policies or practices, or that Plaintiffs' claims are meritorious.

10.   **No Assignment.**   Plaintiffs represent they have not assigned, transferred, or purported to assign or transfer, to any person or entity, any claim against Defendants or portion thereof or interest therein.

11.   **Governing Law and Interpretation.**    The Parties agree that this Agreement and the rights and obligations hereunder shall be governed by, and construed in accordance with, the laws of the State of Maryland.

12.   **Severability.**   The Parties agree that, if any terms of the provisions of this Agreement are found inoperative, the remaining provisions will remain in full force and effect.

13.   **Entire Agreement.**   The Parties agree that this Agreement contains and comprises the entire agreement and understanding of the Parties and that there are no additional promises or terms of the agreement among the Parties.

6

14.   **Joint Participation and Negotiation of Agreement.**   The Parties represent they have read this Agreement, that they understand all of its terms, that they have fully discussed the terms of this Agreement with an attorney of their choice and do hereby enter into this Agreement voluntarily, of their own free will, and with knowledge of its meaning and effect.

15.   **Amendment.**   The Parties agree that this Agreement shall not be modified except by a writing signed by each of the Parties hereto.

16.   **Counterpart Signatures.**   The Parties hereby acknowledge that this Agreement may be executed in counterpart originals with like effect as if executed in a single document. Facsimiles and/or copies shall have the full legal weight as the original.

17.   **Survival of Terms.**   The Parties understand and agree that the terms, covenants, and conditions set forth in this Agreement and the payment of the monies specified in this Agreement shall survive the closing of the Agreement and the payment of the monies specified herein.

18.   **Attorney's Fees and Costs.**   Each party shall bear their own costs and attorney's fees incurred in connection with or related to the Case, except as set forth in paragraph two (2) above.

19.   **Successors.**   This Agreement is binding upon the Parties and their respective heirs, assigns, and successors.

**THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY. THE PARTIES HAVE CAREFULLY READ THIS ENTIRE AGREEMENT. THE CONTENTS OF THIS AGREEMENT HAVE BEEN FULLY EXPLAINED TO THE PARTIES BY THEIR ATTORNEYS.   THE ONLY PROMISES MADE TO ANY PARTY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS**

7

AGREEMENT.

IN WITNESS WHEREOF, the Parties have executed this Agreement:

_____                    Dated: 4-28-16
MILTON TORRES

_____                    Dated: 0 4-28-2016
RUDIS TORRES

_____                    Dated: 4/27/16
EDWARD WALTERS

_____                    Dated: 4/27/16
JULIE WALTERS

WASH RITE PLUS, INC.

BY: _____                      Dated: 4/27/16
        EDWARD WALTERS

WASH RITE, INC.

BY: _____                      Dated: 4/27/16
        EDWARD WALTERS

8